# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AFRIKAN WARRIOR M. GREENE,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON PRICE, et al.,<br><br>Defendants. | Case No. 1:22-cv-01247-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RLEIEF<br><br>(ECF No. 13) |

Plaintiff Marvellous Afrikan Warrior M. Greene is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed December 22, 2022.

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Individuals proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff is currently housed at the Coalinga State Hospital (CSH) where the incidents at issue in the first amended complaint took place.

Plaintiff names Garrett Stripe, Office of Patients' Rights Advocate; Victor Alvarez, Office of Patients' Rights Advocate; and Karen Trumbly, External Affairs Manager, as Defendants.

The Office of Patients' Rights is not following rules and regulations regarding its duty to respond to patient grievances and Plaintiff has suffered as a result.

///

## III.

## DISCUSSION

### A. Violation of Court Order

In the Court's second screening order, Plaintiff was informed that, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. (ECF No. 12, at 10:11-13.) In Plaintiff's second amended complaint (as well as his first amended complaint), he has added new claims to the complaint in violation of the Court's order. Local Rule 110 permits the Court to imposes "any of all sanctions authorized by statute of Rule or within the inherent power of the Court" for a party's failure to comply with a court order. Local Rule 110. Fed. R. Civ. P. 41(b) vests the Court with discretion to sua sponte involuntarily dismiss an action for a party's failure to comply with a court order. Slack v. McDaniel, 529 U.S. 473 (2000). The Court finds that Plaintiff has willfully violated the Court's order. Nonetheless, in an abundance of caution, the Court will screen Plaintiff's new unrelated claims.

### B. Review of Grievances

To the extent Plaintiff contends that the Office of Patients' Rights is not following rules and regulations regarding its duty to respond to patient grievances, Plaintiff fails to state a cognizable claim for relief. It is well-established that detainees "lack a separate constitutional entitlement to a specific [hospital] grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)). When an official denies, screens-out, or ignores a grievance, the official does not deprive the detainee of any constitutional right. See, e .g., Wright v. Shannon, No. CIV F–05–1485 LJO YN P PC, 2010 W L 445203, at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegation that officials denied or ignored his grievances failed to state a cognizable claim); Walker v. Vazquez, No. CIV F–09–0931 YNP PC, 2009 WL 5088788, at *6–7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegation that officials failed to timely process his grievances failed to state a cognizable claim); Towner v. Knowles, No. CIV S–08–2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov.20, 2009) (plaintiff's allegation that officials screened-out his grievances without any basis failed to show a deprivation of federal rights). Further, a violation of the hospital's Patient Bill of Rights is not

sufficient to support a claim under section 1983, and Plaintiff has not otherwise identified any rights protected under federal law.

### C. Unruh Civil Rights Act

To the extent Plaintiff is attempting to bring a claim under the Unruh Civil Rights Act, such claim fails. The Unruh Civil Rights Act entitles plaintiff to "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). "To prevail on [a] disability discrimination claim under the Unruh Civil Rights Act, [a] plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm." Johnson v. Beahm, No. 2:11-cv-0294-MCE-JFM, 2011 WL 5508893, at *4 (E.D. Cal. Nov. 8, 2011) (citing California Civil Jury Instructions (BAJI), No. 7.92 (Spring 2009)). A plaintiff who establishes a violation of the ADA need not prove intentional discrimination under the Unruh Act. See Munson v. Del Taco, Inc., 46 Cal. 4th 661 (Cal. 2009) (interpreting Cal. Civ. Code § 51(f), which provides that a "violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section").

First, even assuming that the Unruh Civil Rights Act applies to state hospitals who house civil detainees, Plaintiff has not alleged any facts to sustain a disability discrimination suit. Second, even if a cognizable state law claim could be stated, Plaintiff has failed to state a viable federal claim and the Court will not exercise supplemental jurisdiction over any state law claim. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

### D. Mail

Plaintiff makes vague reference to the fact that officials have returned mail and refused to send out mail to certain courts. If Plaintiff is attempting to raise a claim under the

1  First Amendment, it fails.

2  Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of access to the courts or counsel in order to rise to the level of a constitutional violation. See Smith v. Maschner, 899 F.2d 940, 944.  Plaintiff provides no details regarding the mail, such as when Plaintiff tried to send the mail, what mail officials failed to send, or how many times prison officials failed to send his mail.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

### E. Medical Treatment

The Ninth Circuit has held that the objective, not subjective, deliberate indifference standard applies when evaluating a pretrial detainee's medical care claim. See Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (holding claims for violations of the right to adequate medical care for pretrial detainees are evaluated under the objective standard set forth in Castro v. County of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016).) The elements of a detainee's medical care claim under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused plaintiff's injuries. Gordon, 888 F.3d at 1124-1125.

The "mere lack of due care" by a defendant does not deprive an individual of his rights under the Fourteenth Amendment. Castro, 833 F.3d at 1071 (citations omitted). "Thus, the plaintiff must 'prove more than negligence but less than subjective intent—something akin to

reckless disregard.' " Gordon, 888 F.3d at 1125 (citations omitted). Hence gross negligence, a difference in medical opinion, malpractice, and misdiagnosis does not establish a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Thompson v. Worch, 6 F. App'x 614, 616 (9th Cir. 2001); Anchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); and DiMarzio v. Jacobs, 162 F. App'x 774, *1 (9th Cir. 1989).

Plaintiff makes vague reference to the fact that he has a hernia and has not been sent to an outside facility. However, Plaintiff fails to demonstrate that any individual placed Plaintiff at a substantial risk of serious harm. Plaintiff's claim is simply too vague to give rise to a cognizable medical claim under the Fourteenth Amendment. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### F. Further Leave to Amend

Plaintiff's second amended complaint fails to state a cognizable claim for relief. Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Indeed, as stated above, Plaintiff continues to change the nature of his claims both factually and legally and continues to add and/or change the individuals against whom he is seeking relief. (See ECF Nos. 1, 11, 13.) The fact that Plaintiff has failed to state a cognizable claim for relief and continues to change the nature of his claims despite having filed three separate complaints is reason to conclude that he cannot truthfully do so. Accordingly, no useful purpose would be served by once again giving him the same advice and yet another opportunity to amend to try to state a cognizable claim.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)**

6

**days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **January 6, 2023**

UNITED STATES MAGISTRATE JUDGE